## SMITH *v.* BAUGH.

BILL OF EXCEPTIONS.—*Signature of Ex-Judge.*—Where one signs a bill of exceptions as judge, his term of office as such having expired, or he having otherwise ceased to be the judge of the court in which the judgment is rendered, such signature is void.

SAME.—*Evidence.—Presumption in Favor of Verdict.*—The Supreme Court will presume that the verdict of a jury was sustained by the evidence, where the evidence is not properly in the record.

APPEAL from the Tippecanoe Common Pleas.

Suit by Baugh against Smith, the appellant, and Boyd, on a promissory note executed by them to Baugh for four thousand five hundred dollars, on which a payment of two thousand dollars had been made.

Smith, the appellant, filed a separate answer of four paragraphs. No question is presented in this court on the first and fourth. The second paragraph alleges, that Smith signed the note only as the surety of Boyd; that after the note matured, an agreement was made between the plaintiff, Boyd, and one Kurtz, without the consent of the appellant, by which the plaintiff agreed to extend the time of the payment of the note for ten days, in consideration of the agreement of Kurtz to pay it at the expiration of that time. The third paragraph is the same as the second, with the additional averment that Kurtz promised to pay the note, in consideration of an agreement between him and Boyd, by which he was to become the joint owner with Boyd of certain cattle, which the latter had previously purchased of Groves and Allen. To these paragraphs there was a reply, first in denial, and second, that there was no consideration for the alleged agreements set up in the answer.

The jury returned a general verdict for the plaintiff for two thousand six hundred and eighteen dollars and seventy-six cents; and also returned answers to certain interrogatories propounded to them by the court.

The interrogatories and answers thereto, so far as they

have any relation to the questions presented here, are as follows:

"3d. If the defendant Smith signed the note, how did he sign it, as principal or as surety?" Answer, "surety."

"4th. Did the plaintiff, Baugh, at any time after the note sued on became due, agree to and with the defendant Boyd and one Charles Kurtz, without the consent of the defendant Smith, to extend the time of the payment of said note for any definite time?" Answer, "no."

"5th. If so, for what length of time did the plaintiff agree to extend the time of the payment of said note?" No answer returned.

"6th. If the plaintiff Baugh did agree to and with the defendant Boyd and Charles Kurtz to extend the time of the payment of the note sued on for any definite time, was there any consideration by the plaintiff for such agreement to extend the time of the payment of said note? and if so, what was the consideration?" No answer returned.

"7th. Did Charles Kurtz, at any time after said note became due, agree to and with the plaintiff Baugh, to pay said note at the expiration of ten days, if the defendant Boyd did not pay it before that time? and if so, was such promise by said Kurtz in writing, or was it oral?" Answer, "oral, or verbal."

"8th. Did Charles Kurtz ever make a promise or agreement, *in writing*, to pay the note sued on at the expiration of ten days, or at any other time?" Answer, "no."

"9th. If Charles Kurtz did, *in any way*, agree with the plaintiff to pay the note sued on at the expiration of ten days, if the defendant Boyd did not pay it by that time, was there any consideration for such an agreement by said Kurtz? and if so, what was that consideration?" No answer.

"10th. Did the plaintiff Baugh, for a consideration, at Clark's Hill, or at any other time or place, ever agree to release Robert Boyd from liability on the note sued on?" Answer, "no."

"11th. Did Kurtz, in consideration of the defendant Boyd giving him (Kurtz) an interest in certain cattle, ever agree with Boyd and the plaintiff Baugh, or either of them, to assume the payment of the note sued on?"   Answer, "no."

The appellant moved the court for a new trial, for the following reasons:

" 1st. The verdict of the jury is contrary to the evidence given on the trial.

" 2d. The verdict of the jury is contrary to law.

" 3d. The verdict of the jury is contrary to the instructions of the court.

" 4th. The special findings are inconsistent with the general verdict.

" 5th. The jury omitted to answer the 5th and 9th special interrogatories submitted to them."

The motion was overruled, and the appellant excepted.

The appellant then moved the court for a judgment in his favor on the special findings of the jury, notwithstanding the general verdict for the plaintiff; which was also overruled; to which the appellant excepted.   Judgment was thereupon rendered for the plaintiff on the general verdict.

ELLIOTT, J.—Two questions are presented by the appellant, upon which a reversal of the judgment is claimed.

The first is, that the finding of the jury is not sustained by the evidence, and that the court, therefore, erred in overruling the motion for a new trial.

We find in the record what purports to be a bill of exceptions, containing the evidence, which the appellee moves to strike from the record, for the alleged reason that it is not a proper bill of exceptions, and therefore does not form a part of the record.

The facts in relation to it are these :—

The cause was tried, and final judgment was rendered, at the June term of the court, 1867; James Park then being the judge of the court.

On the rendition of the judgment, time was given to the appellant until the first day of the next succeeding term of said court—which commenced on the 11th of November, 1867—to prepare and file a bill of exceptions.

In the mean time, Judge LaRue became the judge of said court. One of the appellant's counsel prepared a bill of exceptions, and on the 11th of November, 1867, presented it, unsigned, to one of the deputies of the clerk of the Tippecanoe Court of Common Pleas, who marked it filed as of that date. It was afterwards withdrawn by the attorney, who, between 11 and 12 o'clock of the afternoon of the same day, presented it to said Park, at his residence in Williamsport, in Warren county, for his signature. The appellee not being present in person or by counsel, and not having seen said bill of exceptions, Park declined to sign it at that time, but directed that the parties in interest should meet him at the clerk's office in the city of Lafayette, in Tippecanoe county, at 10 o'clock, A. M., on the 14th of the same month, to settle and determine said bill of exceptions, and so extended the time for that purpose.

The parties met at the clerk's office at the time designated, when the appellee's counsel presented to said Park a protest in writing, as follows :

"George H. Baugh *v.* Robert Boyd and Joseph K. Smith.

"In Tippecanoe Common Pleas.

The plaintiff in the above entitled cause objects to the signing of a bill of exceptions at this date, because, 1st. The time limited therefor has expired. 2d. His honor, Judge Park, is no longer judge of said court of common pleas, of which Hon. John M. LaRue is now judge, duly qualified and acting as such.

"DAVIDSON & WALLACE,<br>"Attys. for Baugh.

"November 14, 1867."

But, at the solicitation of said Park, the appellee's counsel agreed to examine said bill of exceptions, and, if they

could do so, agree with the appellant's counsel as to the facts to be embraced therein, reserving all objections of every other nature, and especially as to the time of signing the same; and if they should agree upon said bill, the signing thereof should be taken as of the 14th of said month. The parties failed to agree, and Park, several weeks afterwards, signed the bill of exceptions, as it is found in the record.

It was held, in *McElfatrick* v. *Coffroth*, 29 Ind. 37, after a careful consideration of the question, that where final judgment has been rendered in a cause, and time is given beyond the term to prepare a bill of exceptions, the court has no power, at a subsequent term, to make an order extending the time for filing the bill, unless some sufficient ground be shown to amend the record. And in *Vanness* v. *Bradley*, 29 Ind. 388, it is said, that, " ordinarily, the power of the court over the record terminates at the expiration of the term at which final judgment is rendered; but the statute permits the judge to extend the time for preparing and reducing exceptions to writing beyond the term, by special leave, and when the period of such leave has expired, the power of the judge over the record is terminated." The rulings in these cases are decisive of the question under consideration. But, independent of this, we are not aware of any principle of law authorizing a judge to sign a bill of exceptions after his term of office has expired, or he has otherwise ceased to be the judge of the court in which the judgment is rendered. Giving time beyond the term, in which to prepare a bill of exceptions, is a judicial act, and so is the settling and signing of such a bill. But here, at the time Park signed the bill of exceptions, he was not, and did not claim to be, the judge of the Court of Common Pleas of Tippecanoe county. His signature to the bill of exceptions, therefore, was without authority of law and void. A change of the judge, after judgment, and before the bill of exceptions was signed, did not change the court; for all judicial purposes it remained the same, and the succeeding

judge of the court might, within the time limited, have settled and signed the bill of exceptions. *Hedrick* v. *Hedrick*, 28 Ind. 291.

It follows, that as the evidence is not properly before us, we must presume that the verdict of the jury was sustained by the evidence.

There was no error in overruling the appellant's motion for a judgment in his favor on the special findings, notwithstanding the general verdict for the appellee. The general verdict is entirely consistent with the special findings.

In answer to the fourth interrogatory, the jury found that Baugh did not, at any time after the note became due, agree with Boyd, the defendant, and Kurtz, to extend the time for the payment of the note for any definite time; thus negativing the most material averment in the appellant's answer. The whole defense is based upon the existence of such an agreement, and the finding that no such agreement was made is fatal to the defense.

True, the jury, in answer to the seventh interrogatory, found, in effect, that after the note became due, Kurtz *orally* promised Baugh to pay it at the expiration of ten days, if Boyd did not pay it before that time. But this finding is not inconsistent with the general verdict for the plaintiff. It was a mere verbal promise to pay the debt of another, and was void under the statute of frauds. But if it were otherwise, still it would not release the appellant from liability on the note, unless Baugh, in consideration of such promise, had agreed to extend the time of payment for the period named; and the jury found that no such promise was made by Baugh.

The judgment is affirmed, with costs, and three per cent. damages.

*W. C. Wilson* and *Z. Baird*, for appellant.

*R. P. Davidson* and *W. D. Wallace*, for appellee.