## Aetna Indemnity Company v. Wassall Clay Company.

[No. 7,498. Filed February 16, 1912.]

1. APPEAL.—*Evidence not in Record.—Questions thereon.*—Where the Appellate Court's attention is called to the fact that the evidence is not in the record, it will not determine questions depending thereon. p. 441.

2. EXCEPTIONS, BILLS OF.—*Authentication.—Evidence.—Judges.— Pro Tempore Appointments.—Statutes.*—Under §1483 Burns 1908, §1364 R. S. 1881, providing that a judge *pro tem*, "shall have the same power and authority during the continuance of his appointment as a regularly elected judge," a judge appointed to serve

from June 18 to June 26, inclusive, has no authority after June 26 to sign a bill of exceptions in a case tried by him while acting under such appointment, the regular judge being the proper person to sign such bill. p. 441.

3. MUNICIPAL CORPORATIONS.—*Contractors.—Bonds.—Principal and Sureties.—Labor and Materials.—Subrogation.—Parties.—Appeal.* —In a suit by a company furnishing labor and materials for a city contractor, against such contractor and its surety, for the value of such labor and materials and praying for an order directing the city officers to deliver over to it sufficient money due from the city to such contractor to satisfy plaintiff's claim, the surety, in a cross-complaint, asking also for the application of the funds in the custody of such officers to the payment of any amount it might be compelled to pay, such surety may not demand the reversal of a judgment in favor of the plaintiff against such contractor and it for the amount due, merely because the court should also have granted the equitable relief prayed, where the plaintiff was making no objection to the judgment, especially where the contractor had assigned everything to another who had not been made a party, and where such money had already been attached. pp. 443, 447.

4. PARTIES.—*Cross-Complaint.—Sureties.*—In an action against a contracting company and its surety, such surety, by a cross-complaint, has no right to make a party thereto one who is not a necessary party to the action, in order to litigate cross-complainant's rights with such party, especially where the plaintiff's and the cross-complainant's rights rested upon different instruments. p. 446.

From Superior Court of Marion County (76,229); *John L. McMaster,* Judge.

Suit by the Wassall Clay Company against the Aetna Indemnity Company and others. From a judgment for plaintiff, said company appeals. *Affirmed.*

*Miller, Shirley & Miller,* for appellant.

*Charles B. Clarke* and *Walter C. Clarke,* for appellee Wassall Clay Company.

HOTTEL, J.—This was a suit brought by the Wassall Clay Company (hereinafter referred to as appellee) on a contractor's bond for labor and materials furnished such contractor.

The contractor was the Indianapolis Construction Com-

pany, and the suit was filed against said contractor and the surety on its bond, namely this appellant, "Aetna Indemnity Company," and Edward J. Robinson, treasurer of Marion county and *ex officio* treasurer of the city of Indianapolis, and George T. Breunig, controller of the city of Indianapolis.

In addition to asking judgment against said construction company and its surety, on said bond, for the amount due on account of labor and materials furnished to such contractor on its said contract, plaintiff asked that the city treasurer be enjoined from paying out any funds in his hands to which said construction company was entitled, that a receiver for such funds be appointed, and that such funds be applied to the payment of plaintiff's claim.

Appellant filed a cross-complaint, asking the same relief except as to the money judgment against the contractor and its surety. The amended complaint was in two paragraphs, each of which was predicated on separate contracts and bonds. This amended complaint, and appellant's cross-complaint alleged the insolvency of the construction company, that it had undertaken to make certain pretended assignments of its rights in the contract, and that the treasurer of the city had certain funds, in the form of money and bonds, in his hands which constituted an unpaid balance on the contract, and other averments essential and necessary as supporting the equitable relief prayed for.

Answers unimportant in their application to the question presented by this appeal were filed. After the issues were closed, the case was submitted to the court for trial, and it rendered judgment for the plaintiff against the Indianapolis Construction Company and the Aetna Indemnity Company for the sum of $666.45, without granting the equitable relief asked for in said complaint and cross-complaint, and also rendered judgment for costs for defendant Robinson, treasurer, against the plaintiff.

Appellant filed a motion for a new trial, which was over-

ruled by the court, and this ruling presents the only error assigned and relied on in this appeal.

In considering this appeal, we are first confronted with the statement of counsel for appellee, that no question is presented thereby, because the evidence of the case

1. is not in the record. In support of this contention, appellee insists that appellant failed to present the bill of exceptions to the trial judge for his signature within the time allowed. Appellee has neither cited the pages of the record presenting said question, nor argued or cited authority on it. Ordinarily, it would thereby waive consideration of such question, but inasmuch as the Supreme Court and the Appellate Court have always refused to consider any questions depending on the evidence, where their attention is called to the fact that the evidence is not properly brought into the record, we deem it proper that a disposition of this question should first be made.

It clearly appears from this record that this cause was in fact tried and the judgment herein rendered by the Honorable James P. Baker, who was judge *pro tem.* of

2. said court, during the absence of the regular judge, from June 18 to June 26, inclusive; that from and after June 26, 1909, all proceedings had in said cause were before Judge McMaster, the regular judge of said court; that the bill of exceptions herein was presented to the regular judge of said court within the sixty days allowed for such presentation, but was not presented to the Honorable James P. Baker, who tried said cause, until after the expiration of the sixty days.

The question, therefore, presented and to be determined by this court is: Which judge's signature was necessary to the authentication of said bill of exceptions? If the signature of the regular judge was necessary to such authentication, and if he were the proper judge under the law to sign said bill, the presentation was in time; if, however, the judge *pro tem.* who tried the case and rendered the judg-

ment was the proper judge to sign said bill, and if his signature was necessary to its authentication, the presentation thereof was not in time, and the evidence is not in the record.

The solution of this question depends on the time of the expiration of the appointment of said judge *pro tem.*, and whether, under the statute providing for his appointment, he had jurisdiction of cases after the expiration of his appointment, where the trial was begun before him and not finished. The statute authorizing this appointment is §1483 Burns 1908, §1364 R. S. 1881, and that part which defines his "power and authority" reads as follows: "Such appointee shall have the same power and authority *during the continuance of his appointment* as a regularly elected judge of said court."

The language just quoted limits the power and authority of such appointee to a period within his appointment. His authority to act as such judge exists by virtue of the statute alone, and such authority cannot be extended beyond its provisions.

The term for which said Baker was appointed judge *pro tem.* in this case, as evidenced by his signature to said bill of exceptions, and by the other parts of the record, was during the absence of the regular judge, and was from June 18 to June 26, inclusive. At the expiration of this period, under his appointment his power and authority as such judge, in this and all other cases over which he had assumed jurisdiction, ceased. The court in which this case was pending continued, but the judge who tried the case was no longer its judge. He was therefore without authority to sign such bill of exceptions, and his signature thereto was unnecessary. The regular judge of the court at the expiration of said period again became the judge of said court, with power and authority over all matters pending before it, and thereby became the proper person to sign said bill of exceptions. This we think is conclusively settled by our

Supreme and Appellate Courts in the following cases: *Ketcham* v. *Hill* (1873), 42 Ind. 64, 71; *Reed* v. *Worland* (1878), 64 Ind. 216, 219, 220; *McKeen* v. *Boord* (1878), 60 Ind. 280; *Smith* v. *Baugh* (1869), 32 Ind. 163, 165, 168; *Cincinnati, etc., R. Co.* v. *Grames* (1894), 8 Ind. App. 112, 115.

We will next consider the questions presented by the motion for a new trial. Appellant makes no contention that appellee is not entitled to its judgment for $666.45 due for labor performed and material furnished to such contractor, but its sole contention is based on the failure of the court to grant the equitable relief asked for in said complaint and cross-complaint. It is insisted that the averments of these pleadings required the court to render the relief prayed for, and that the material averments of such pleadings were, in this regard, fully sustained by the proof. Appellant bases its contention on the showing made in the complaint and the cross-complaint that it was without any remedy at law, because the principle on the bond was insolvent and the funds in the hands of the treasurer could not be reached by execution, and, in support of this contention, cites a number of cases which, it claims, hold that a materialman has a lien on the funds in the hands of a city for materials furnished to a contractor on a contract for the construction of a public improvement, supplemented by other cases which it claims hold, in effect, that a surety on a bond who is obliged to pay materialmen and laborers, has an equity as to such payments, in any amounts to become due the contractor, which is superior to that of the assignee of the contractor to whom such materials were furnished, and that such surety company is therefore subrogated to the rights of the contractor.

In this connection appellant insists that the complaint proceeds on a theory demanding and requiring the equitable relief prayed, and that the cause should have been tried on that theory and the judgment rendered accordingly. On

this last proposition, counsel rely on the case of *Feder* v. *Field* (1889), 117 Ind. 386.

We will consider appellant's last contention first. The effect of the holding in the case just cited is "that a complaint must proceed upon a definite theory, that the cause must be tried on the theory constructed by the pleadings, and such a judgment as the theory selected warrants must be rendered and no other or different one." In said case the appellee assigned cross-errors, and asked the court to grant a relief, additional to that granted by the lower court and different from that warranted by the pleadings. In the case at bar, appellee has assigned no cross-errors, has asked no additional relief, nor has it obtained any relief which can be said to be unwarranted by the pleadings. The only thing that can be said in the case at bar is that the appellee has not obtained the full relief to which its complaint would indicate that it is entitled, but its relief, so far as granted, was fully authorized by the pleadings.

Granting that the relief adjudged appellee was less than that to which it was entitled under its pleadings, it is making no complaint on account thereof. Therefore, the question this court must determine is whether because of the fact that appellee in its complaint stated facts which entitled it to such equitable relief, and because of the fact that appellant in a cross-complaint averred substantially the same facts and asked the same relief, appellant is in a position to ask a reversal of the judgment on account of the failure of the court to grant such relief.

In the determination of this question we think that the mere fact that appellee averred the essential facts entitling it to such relief, and in its prayer asked for such relief, lends no aid whatever to appellant's contention that appellee's judgment should be reversed. We say this because, as before stated, the relief granted was entirely within the scope and theory of the complaint, and its only frailty, so far as appellee was concerned, was its inadequacy, and cer-

tainly the mere fact that appellee contented itself with less relief than it was entitled to will furnish no ground to appellant for the reversal of the judgment obtained by appellee, with the result that appellee shall be taxed with the costs of the appeal.

Whether the trial court should have granted the equitable relief asked in said cross-complaint, and appointed a receiver for said construction company, and impounded the money and funds in the hands of the city treasurer, and ordered them applied to the payment of the claim of plaintiff, and others in like situation, before they were permitted to pursue the surety company, as appellant insists, depended not upon such pleading alone, but also upon the proof offered in support thereof.

It is conceded by appellant that the entire amount of money shown by the evidence to have been in the hands of the city treasurer was seventy-two cents. The amount of bonds in said treasurer's hands was $383.12. It is also conceded by appellant that some of these bonds were held by the city as a guaranty fund to secure the proper maintenance of the improvement; at least $265.32 of said bonds— and under one view of the evidence all of them—were so held.

It was further shown that such bonds so held as a guaranty fund by the city were to be held by it for a period of at least five years. In this case the construction company very shortly after getting its contract, and before the assessments were approved, made an assignment thereof, assigning bonds (to be issued), assessment "rolls, money, and everything else," to the "Home Bond Company," to obtain the money to finance the improvement. Under such arrangement payments were all made to such assignee bond company, and it could, upon substituting or depositing other satisfactory bonds, withdraw those held by the city as such guarantee.

The evidence also shows that these bonds, while being held

as a guarantee, were also attached, and were being held under such attachment, as well as under the guarantee, and for this reason had not been turned over to said Home Bond Company.

It will be seen from the statement of the facts that under one view of the evidence the city treasurer held only seventy-two cents, free from the claim of the city, as indemnity, which the court could have ordered applied at once upon appellant's claim, and at most there was but said sum plus $117.80 in bonds free from said claim, which could have been so turned over at once, and whether this sum should have been so ordered turned over depended on whether the appellant's right and claim thereto was superior to that of the Home Bond Company, who held an assignment thereof, and was not a party either to the original complaint or to appellant's cross-complaint.

In this connection appellant suggested that, because appellee did not make said bond company a defendant to the original action, appellant could not make him a defendant to his said cross-complaint. We take it that appellant predicates this statement on the ground that said bond company was not a necessary party to the action, and that under §§273, 278 Burns 1908, §§272, 277 R. S. 1881, and the authorities construing them, the appellant would not have been permitted to bring in such new party, merely for the purpose of settling matters between appellant and the new party. In this contention appellant is supported by the authorities. *Fischer* v. *Holmes* (1890), 123 Ind. 525; *Heaton* v. *Lynch* (1894), 11 Ind. App. 408.

If appellant could not tender a pleading which would compel the litigation of said question with the real party interested in, and to be effected thereby, it would seem that it should not, without such pleading, be permitted to do indirectly what it could not do directly.

If under the facts before stated, the Home Bond Company were a party to this action and to the issues tendered by

appellant's cross-complaint, and we were requested to determine between the appellant and said bond company, the question which appellant is asking that we determine between it and appellee, we might hesitate, and doubt in which direction the equities of the case pointed. But said Home Bond Company is not a party to the action, and the effect of appellant's contention is to ask this court to reverse a judgment in favor of appellee, which it concedes to be just and correct, save only that it is inadequate, and thereby involve appellee in the costs of such reversal in order that the court may grant equitable relief to appellee, which it is not asking, and thereby extend to appellant such equitable aid to assist it in holding the proceeds of a contract assigned to a litigant not in court, and thus to relieve appellant from a situation for which appellee is in no sense responsible.

We have been unaided in our consideration of the merits of this question by any brief from appellee, and have considered the question presented on the assumption that the averments of the cross-complaint, as to the money and funds, including bonds, held by the city treasurer, were connected with the contracts and bonds sued on in the complaint, but the record shows some discrepancy between the contracts and bonds sued on and those set out in the cross-complaint. The record shows an amended complaint in two paragraphs, filed after the cross-complaint was filed, and the contract and bonds filed as an exhibit with each of these paragraphs seem to be different from those filed with the cross-complaint. This would make appellant's contention, that the equitable relief which it insists the judgment should have contained, rests solely on the averments of the complaint and the proof thereunder.

Under either view of the case, we think that the equity of the case requires an affirmance of the judgment.

Judgment affirmed.