STATE EX REL. HODSHIRE *v.* BINGHAM, JUDGE.

[No. 27,531. Filed May 5, 1941.]

*Craig & Craig,* of Brazil, and *Ernest M. Wright,* of Terre Haute, for relator.

*M. C. Wiggins,* of Newport, *Mark W. Lyday,* of Clinton, and *Aikman, Miller & Causey,* of Terre Haute, for respondent.

SHAKE, J.—This is an original action to mandate the regular judge of the Vermillion Circuit Court to grant a change of venue from the county in a civil suit. The regular judge appointed a "Judge Pro Tempore to preside and hold said court from November 13th, 1939 to November 18th, 1939, both inclusive," on account of

the absence of the regular judge from the county. Between said dates the judge pro tempore presided at the trial of a civil case which resulted in a verdict for the defendant. After the expiration of the period for which he was appointed, the judge pro tempore entertained and granted a motion for a new trial, which the regular judge subsequently struck out and expunged from the record. The plaintiff thereupon filed a motion and affidavit in proper form for a change of venue from the county, which was overruled by the regular judge.

If the judge pro tem. had authority to hear and grant the motion for a new trial after the expiration of the period for which he was appointed, the action is pending in the Vermillion Circuit Court and the plaintiff is entitled to a change of venue from the county.

It is to be noted that we are dealing with a judge pro tem. as distinguished from a special judge. A judge pro tem. is appointed for the term or some part thereof, during which time he exercises all the functions of the regular judge. § 4-316, Burns' 1933, § 1264, Baldwin's 1934. A special judge is appointed to act in a particular case and his authority continues until the same is finally disposed of, unless the venue is changed. § 2-1424, § 2-1425, Burns' 1933 (Supp.), § 207-1, § 207-2, Baldwin's Supp. 1937.

The precise point with which we are presently concerned appears to have been before this court in *Staser* v. *Hogan* (1889), 120 Ind. 207, 223, 21 N. E. 911, 916, 22 N. E. 990. In that case a jury trial was concluded on the last day of a term at which a judge pro tem. had presided. A motion for a new trial was filed on the first day of the succeeding term when the regular judge was present, but he declined to hear the motion and it was disposed of by the judge pro tem. over objections. On appeal this court inad-

vertently referred to the judge pro tem. as a special judge, but the gist of the decision is expressed in the following excerpts:

"It is contended by the appellants that the authority of the Hon. R. D. Richardson to act in the case ceased with the term at which it was tried, and that his action in overruling the motion for a new trial and rendering judgment on the verdict was without authority and void.

"On the other hand, it is contended by the appellees that the said Richardson having once acquired jurisdiction to hear and dispose of the case, retained such jurisdiction until the cause was finally disposed of.

"It must be manifest to every one that the regular judge could not intelligently hear and dispose of the motion for a new trial in this cause. . . .

"We think that where parties voluntarily consent to try their cause before a special judge (judge pro tempore) they should be held as consenting to his making a final disposition of the same; for in the very nature of things no one else can intelligently dispose of it. We think that in such a case the provisions of section 415, R. S. 1881,* should be held to apply, *without regard to the reason for appointment.*" (Our italics.)

The respondent has called our attention to a number of cases which hold that upon the expiration of the term of a judge his authority ceases, and that if a bill of exceptions is called for in a case over which he has presided the successor judge is the proper party to settle and sign such bill. Among the cases so holding are *Smith* v. *Baugh* (1869), 32 Ind. 163; *Ketcham, Adm'x.* v. *Hill* (1873), 42 Ind. 64; and *Lerch, Adm'r.*

---

* This is a former act relating to the appointment of special judges. It contained the provision that a special judge "shall have power to hear and determine such cause until the same is finally disposed of, or change the venue thereof in proper cases," found in the present statute. Acts 1937, ch. 103, § 2, p. 481, § 2-1425, Burns' 1933 (Supp.), § 207-2, Baldwin's Supp. 1937.

v. *Emmett* (1873), 44 Ind. 331. These cases were followed by the Appellate Court in *Aetna Indemnity Co.* v. *Wassall Clay Co.* (1912), 49 Ind. App. 438, 97 N. E. 562, in which it was held that a judge pro tem. had no authority after the expiration of his appointment to approve a bill of exceptions containing the evidence introduced at a trial over which he had presided.

It must be admitted that there is no consistency in holding that a judge pro tem. retains jurisdiction to pass upon a motion for a new trial after the expiration of his tenure but that he may not approve a bill of exceptions under such circumstances. This court has recognized this inconsistency and has strictly limited the scope and effect of the early cases referred to above. In *Shugart* v. *Miles* (1890), 125 Ind. 445, 447, 25 N. E. 551, 552, it was said:

> "The doctrine is not so commendable in itself as to induce us to extend it, for it does sacrifice, in some measure, at least, substance to technical consistency, since no one can doubt that it is only the judge who tries the cause that can give an accurate and intelligent bill of exceptions from his own knowledge, as any other must get his information at second hand. There is sound reason for liberality where the object is to secure a record of facts from a judge who has direct knowledge, but no reason for liberality where the sole object is adherence to imagined or real technical consistency. We decline to extend the doctrine of the former decisions."

The importance of having a motion for a new trial passed upon by the judge who presided at the trial was pointed out in *Cleveland, etc., R. Co.* v. *Baker* (1921), 190 Ind. 633, 638, 128 N. E. 836, 838, where it was said:

> "When a motion for a new trial is filed which calls in question the sufficiency of the evidence to sustain the verdict, it then becomes the duty of the

trial court to consider and weigh the evidence bearing on the material facts in controversy in view of the same considerations as control the jury in determining the credibility of witnesses and the weight of the evidence. If, after such consideration the trial court is of the opinion that the jury has erred in its conclusion as to a controverted fact which is essential to sustain the verdict, it is the duty of the trial court to correct the error by granting a new trial. This is a duty from which a trial court should not shrink, for the reason that an erroneous finding as to a controverted fact cannot be corrected on appeal."

If we should overrule the cases that hold that a judge whose term has expired may not approve a bill of exceptions containing the evidence introduced ■ . at a trial over which he presided, some litigant who complied with the practice prevailing at the time his appeal was perfected might be deprived of having the merits of his case considered. To obviate that possibility, and at the same time accomplish the desired result, the court has this day adopted the following rule, effective September 1, 1941:

*Rule 1-9.   Authority of Judges.* The judge who presides at the trial of a cause shall rule on the motion for a new trial, if one is filed, and approve and sign the bill of exceptions, if such is requested.

On the authority of *Staser* v. *Hogan, supra,* the temporary writ of mandate heretofore issued is made permanent.

NOTE.—Reported in 33 N. E. (2d) 771, 134 A. L. R. 1126.