## McCague *v.* New York, Chicago & St. Louis Railroad Company

[No. 17,462.   Filed March 15, 1946.]

2

[For Opinion on Merits, see 225 Ind. 84, 71 N. E. (2d) 569, 73 N. E. (2d) 48.]

*Bonham & Emshwiller,* of Hartford City, and *James J. Moran,* of Portland, for appellant.

*Victor H. Simmons,* of Hartford City, and *Harker & Irwin,* of Frankfort, for appellee.

FLANAGAN, C. J.—Trial was had on this cause before the regular judge of the Blackford Circuit Court and a jury. Before a bill of exceptions could be submitted for settlement and signature that judge died and a successor judge was duly appointed. A bill of exceptions was submitted to the successor judge who refused to sign it and made an order book entry to the effect that his refusal was for the reason that he doubted his authority to do so because of Rule 1-9 of the Rules of the Supreme Court. The order book entry also showed the death of the judge who presided at the trial.

No attempt was made to mandate the successor judge to settle and sign the bill of exceptions but appellant filed his transcript on appeal and then filed his verified motion for an order to remand this cause to the Blackford Circuit Court with instructions to grant a re-trial.

Appellant contends that upon the death of the judge who presided at the trial of the cause he was left with-

out means of having a bill of exceptions signed and is therefore entitled to a re-trial as a matter of right.

We cannot agree with that contention. Rule 1-9 of the Rules of the Supreme Court reads as follows:

"Authority of Judges. The judge who presides at the trial of a cause shall, if available, rule on the motion for a new trial, if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court."

It is true that this rule makes no provision as to who shall sign a bill of exceptions in case the judge who presided at the trial is not available. But it is not necessary that the rule contain such provision. The general rule has been long settled in this state that a change of judge after judgment and before a bill of exceptions is signed does not change the court, and such successor judge has ample power to settle and sign the bill of exceptions. *Smith* v. *Baugh* (1869), 32 Ind. 163; *Ketcham, Admx.* v. *Hill* (1873), 42 Ind. 64; *Lerch, Admr.* v. *Emmett* (1873), 44 Ind. 331; *Aetna Indemnity Co.* v. *Wassall Clay Co.* (1912), 49 Ind. App. 438, 97 N. E. 562. Rule 1-9 above quoted does not abrogate this general rule. It merely provides for an exception to it, the exception being that if the judge who presided at the trial is available he shall sign the bill of exceptions.

Motion to remand overruled.

NOTE.—Reported in 65 N. E. (2d) 499.