LINCOLN TOWNSHIP, ETC. *v.* ANCILLA DOMINI SISTERS, ETC.

[No. 19,055. Filed December 5, 1958. Rehearing denied January 22, 1959. Transfer denied May 28, 1959.]

*James D. McKesson,* of Walkerton, for appellant.

*John P. Daley* and *Roule & Raelson,* both of LaPorte, for appellee.

COOPER, J.—This is an appeal by the appellant (defendant below) from a judgment of the Starke Circuit Court, in favor of the appellee, plaintiff below, in an action on account. The record reveals that after the issues were properly closed, the cause was submitted to the court without a jury. At the conclusion of all the evidence, the trial court, upon the request of the appellee herein, made and filed written findings of fact and conclusions of law thereon. On these findings of fact, the trial court concluded that the law was with the appellee and sustained a motion for judgment on the findings of fact and Conclusions of Law.

The appellant's assignment of errors, as shown by the record before us, omitting the formal caption and signature, is as follows:

"The appellant, Lincoln Township, St. Joseph County, State of Indiana, respectfully shows to the court that there is manifest error in the judgment and proceedings of the trial court in this:

"1. That the court erred in overruling the appellant's motion for a new trial.

"2. The court erred in denying appellant's motion to strike appellee's affidavit in opposition to appellant's motion for a new trial.

"3. The court erred in overruling appellant's oral objection to the jurisdiction of the Regular Judge, Jack Murray, to hear and rule on appellant's motion for a new trial.

"Wherefore, the appellant prays that the judgment rendered herein be reversed, and that the appellant be granted a new trial and for such other relief as the appellant may be entitled to."

The appellant's Specification Number One of the Assignment of Errors unfortunately presents no question for decision to this court. The reason being the appellant has failed to set forth, or include, his Motion for a New Trial, or the substance thereof, in the appellant's brief. *Mendenhall, Extr. etc.* v. *Lay* (1953), 123 Ind. App. 486, 490, 111 N. E. 2d 662; *Martin* v. *Goldsberry* (1943), 113 Ind. App. 146, 47 N. E. 2d 162; *State ex rel. Penrod* v. *French* (1943), 222 Ind. 145, 51 N. E. 2d 858. For additional authorities, see West's Indiana Trial and Appellate Practice, §2677 (c).

Likewise, the appellant's Specification Number Two suffers the same infirmities as hereinabove set forth. Due to the fact that the appellee's counter-affidavit in opposition to appellant's affidavits in support of his motion for a new trial or appellant's motion to strike appellee affidavits or court's ruling thereon are not included in the appellant's brief, we are not in position to determine that the trial court committed error in his ruling without searching

the transcript of record. It is the law that this court will not ordinarily search the record in order to reverse a cause. *Gray* v. *Hawke Motor Sales, Inc.* (1953) (T. D. 1953), 124 Ind. App. 74, 112 N. E. 2d 459; *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205.

The appellant's third assignment of error relates to jurisdiction of present regular Judge to rule upon the appellant's motion for a new trial. The record before us affirmatively reveals by order-book entries that the Honorable Charles S. Lundin, the original regular trial Judge, heard the evidence, made a requested special findings of fact and conclusions of law thereupon, and rendered judgment thereon; that the appellant thereafter filed his Motion for a New Trial with the original regular trial Judge, but, before the original regular trial Judge passed upon said Motion for New Trial, he died. The record further reveals that the appellant orally objected to the jurisdiction of the newly-appointed regular Judge to pass upon the appellant's Motion for New Trial. (It is interesting that the appellant did not, nor does he question the new regular Judge's jurisdiction to settle and sign the Bill of Exceptions.) After taking said objection under advisement and hearing arguments relating thereto, the record reveals that the new regular trial Judge made the following pertinent order-book entry showing the inavailability of the said Charles S. Lundin:

"Argument is concluded on the defendant, Lincoln Township's, objection to jurisdiction of the Regular Judge, Jack Murray, to rule on the defendant's Lincoln Township, motion for new trial.

"The Court now overrules the oral motion of Lincoln Township contesting the jurisdiction and power of the Regular Judge, Jack Murray, to hear and rule on Lincoln Township's motion for new trial.

"The Regular Judge, Jack Murray, now takes judicial notice that the Hon. Chas. S. Lundin who heard the trial of this cause, died on the 28th day of July, 1956.

"This Court now through its Regular Judge, Jack Murray, therefore determines and hereby decrees that the said Chas. Lundin, the trial Judge herein, is unavailable to hear the motion for new trial by reason of his death and that pursuant to rule 1-9 of the Supreme Court the Regular Judge, Jack Murray, proceeds to hear argument on Lincoln Township's motion for a new trial.

"Argument is heard with both counsel for the plaintiff and counsel for the defendant, Lincoln Township, present in open court and argument is concluded.

"The Court now takes this matter under advisement."

and, after taking the matter under advisement, later overruled the appellant's Motion for a New Trial. It is the appellant's contention, under Rule 1-9 of the Supreme Court, that the successor regular Judge had no jurisdiction to rule upon the Motion for New Trial, and, therefore, his ruling was void. With this contention, we cannot agree. Rule 1-9 of the Supreme Court provides:

"Authority of Judges. The judge who presides at the trial of a cause shall, if available, rule on the motion for a new trial, if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court."

The rule affirmatively reveals that it is applicable to both motions for a new trial and bills of exception. Our Supreme Court, in construing this rule relating to motions for a new trial, stated:

"Obviously death, insanity or other incapacity of the judge who presided at the trial could make

action necessary *by some successor judge.* We think the rule so interpreted is fair and workable." (Our emphasis) *State ex rel.* v. *Superior Court of Marion County* (1943), 221 Ind. 228, 231, 47 N. E. 2d 139.

In the case of *McCague* v. *New York, C. & St. L. R. Co.* (1946), 117 Ind. App. 1, 3, 65 N. E. 2d 499, this court stated, in construing the rule relating to the signing of bills of exceptions:

"It is true that this rule makes no provision as to who shall sign a bill of exceptions in case the judge who presided at the trial is not available. But it is not necessary that the rule contain such provision. The general rule has been long settled in this state that a change of judge after judgment and before a bill of exceptions is signed does not change the court, and such successor judge has ample power to settle and sign the bill of exceptions.

Judgment affirmed.

Royse, C. J., not participating.

NOTE.—Reported in 154 N. E. 2d 420.