WISCHMEYER ET AL. *v.* FISHER ET AL.

[No. 19,155. Filed October 14, 1959. Rehearing denied January 20, 1960.]

**246**

*Philip R. Correll,* of Indianapolis, and *Ivan D. Pogue,* of Franklin, for appellants.

*William F. LeMond,* of Indianapolis, for appellees.

COOPER, J.—This is an appeal by the appellant, defendant below, from a judgment of the Shelby Circuit Court in favor of the appellee, plaintiff below, in an action in two paragraphs growing out of a sales contract for the purchase of real estate. The record reveals that after the issues were properly closed, the cause was submitted to the court without a jury. At the conclusion of all the evidence, the trial court rendered judgment in favor of the appellees. Thereafter, the appellants herein filed their Motion for a New Trial, which was overruled, and this appeal followed.

Once again we are confronted with the proposition of the appellant failing to comply with the Rules of

the Supreme Court concerning the contents of the appellants' brief.

As we have many times heretofore stated, and recently re-stated in the case of *Stillabower* v. *Lizart* (1959), 130 Ind. App. 65, 159 N. E. 2d 144, at 145:

> "While it is the desire of this court to decide appeals upon the merits rather than upon technical grounds, we must insist upon a good-faith effort to comply with the applicable rules as stated by our Supreme Court. The Rules of the Supreme Court of Indiana have the force and effect of law and are binding upon us as well as the parties in an appeal. We do not deem it necessary to cite authorities upon this proposition, except to state that many authorities on this point can be found in Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, and West's Indiana Law Encyclopedia."

In the case now before us, the appellants' brief does not undertake to set out the Motion for a New Trial, either in text or in substance, and, under these circumstances, the brief is insufficient to present any questions upon the merits under our Supreme Court Rule 2-17; therefore, the appellants' assignment of error, that the trial court erred in overruling the appellants' Motion for a New Trial, unfortunately presents no question for decision of this court. See *Lincoln Twp., St. Joseph Co.* v. *Ancilla Domini Sisters* (1959) (T. D. May 28, 1959), 129 Ind. App. 539, 154 N. E. 2d 420, and authorities cited.

We hold that the appellants' brief is insufficient to present any question upon the merits.

Judgment affirmed.

## ON PETITION FOR REHEARING

COOPER, J.—This matter comes before us on the appellants' petition for rehearing wherein the appellants claim we were in error when we stated the appellants' brief does not undertake to set out the motion for a new trial, either in text or in substance, and, under these circumstances, the brief is insufficient to present any questions upon the merits under our Supreme Court Rule 2-17, and that the appellants' brief is insufficient to present any question upon the merits.

The appellants in their petition for rehearing maintain that their motion for a new trial was set forth on page four of the appellants' brief, and also on page 59 of the transcript.

First, the mere fact that we find the appellants' motion for a new trial in the transcript of record is not sufficient to present anything to this court under Rule 2-17, which applies to appellants' briefs.

Secondly, in reviewing the appellants' brief wherein they stated they set forth their motion for a new trial on page 4, a review of their brief reveals that that is the appellants' assignment of error. Furthermore, the appellants' concise statement of the record in their brief does not set forth the appellants' complaint or any of the other pleadings, or the substance thereof, filed in the case, the trial court's judgment, the motion for a new trial, the trial court's ruling on the motion for a new trial, the appellants' praecipe for a transcript filed with the Clerk or that the appellants filed their bill of exceptions with the trial court, all of which should be included in a concise statement of the record under Rule 2-17. As a matter of fact, the appellants' concise statement of the record contains only a concise statement of the appellees' evidence in chief, and that is not sufficient under Rule 2-17.

249

For many authorities upon what we have heretofore stated, see §§2676 and 2677, 1959 Supplement, Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice.

Petition for rehearing denied.

NOTE.—Reported in 161 N. E. 2d 485. Rehearing denied 163 N. E. 2d 619.