## Zarembka v. Zarembka.

[No. 19,336. Filed April 27, 1962. Rehearing denied November 16, 1963. Transfer denied November 21, 1963, with opinion 193 N. E. 2d 903.]

*Harry S. Taylor,* of South Bend, for appellant.

*Frank X. Kopinski* and *George Sands,* both of South Bend, for appellee.

COOPER, J.—This appeal comes to us from St. Joseph County, Indiana from a judgment rendered by the Probate Court of said County in an action for a divorce.

Within the proper time after submission, the appellant filed a motion for a new trial upon the following statutory grounds: (1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law. The error assigned on appeal is the overruling of said motion for new trial.

In reviewing the record now before us, it appears that after submission, the regular Judge of the St. Joseph Probate Court had resigned and that one Edward B. Smith was duly appointed to fill the unexpired term of the former Judge. The appellant questions the jurisdiction of the newly-appointed Judge to rule on the motion for new trial in the court below and now before us upon the basis that the former Judge had heard the evidence and had rendered judgment thereon.

It also appears that the newly-appointed Judge determined and decreed that the former Judge was not available to hear and rule on said motion for new trial, and, under Rule 1-9 of our Supreme Court, the said newly-appointed Judge had the authority to rule on said motion for new trial. We agree with the trial court's contention. As this court, in the recent case of *Lincoln Twp., etc.* v. *Ancilla Domini Strs., etc.* (1958) (T. D. 1959), 129 Ind. App. 539, at 543, 154 N. E. 2d 420, in construing said Rule, stated:

"Rule 1-9 of the Supreme Court provides:

'Authority of Judges. The judge who presides at the trial of a cause shall, if available, rule on the motion for a new trial, if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court.'

"The rule affirmatively reveals that it is applicable to both motions for a new trial and bills of exception. Our Supreme Court, in construing this rule relating to motions for a new trial, stated:

'Obviously death, insanity or other incapacity of the judge who presided at the trial could make action necessary *by some successor judge.* We think the rule so interpreted is fair and workable.' (Our emphasis) *State ex rel.* v. *Superior Court of Marion County* (1943), 221 Ind. 228, 231, 47 N. E. 2d 139.

"In the case of *McCague* v. *New York, C. & St. L. R. Co.* (1946), 117 Ind. App. 1, 3, 65 N. E. 2d 499, this court stated, in construing the rule relating to the signing of bills of exceptions:

'It is true that this rule makes no provision as to who shall sign a bill of exceptions in case the judge who presided at the trial is not available. But it is not necessary that the rule contain such provision. The general rule has been long settled in this state that a change of judge after judgment and before a bill of exceptions is signed does not change the court, and such successor judge has ample power to settle and sign the bill of exceptions.' "

However, there are other jurisdictional questions which affirmatively appear in the record which compel us to reverse and remand this cause.

It is the general rule of law that a probate court

being a creature of the legislature may only act under the powers granted by the legislature and has only such jurisdiction as is granted by the act of its creation and such as is necessarily implied to enable it to function as a court. *Schulz* v. *Graham; Kercheval* (1955), 234 Ind. 243, at 245, 126 N. E. 2d 1; *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N. E. 2d 1; *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 73 N. E. 2d 769.

We judicially know that the Indiana General Assembly of 1959 saw fit to take away, deprive and affirmatively state that the Probate Court of St. Joseph County "shall not have and exercise jurisdiction in civil actions." See Acts of General Assembly, 1959, ch. 260, §1, Burns' Ind. Stat. Anno., §4-3040, 1961 Supp. The foregoing act also provides:

" . . . Within ten (10) days after the effective date of this amendatory act, any civil action pending in such probate court shall be transferred to the circuit court, or to any superior court of the county; . . .

It also appears that said Act carried an emergency clause and was in full force and effect after April 1, 1959.

Therefore, under the foregoing provisions, the St. Joseph Probate Court lost all jurisdiction over any civil action filed or pending in its court ten days after the first day of April, 1959.

It appears from the record before us that on the 20th day of April, 1959, pursuant to the foregoing Act, the regular Judge of the St. Joseph Probate Court attempted to transfer this cause to the St. Joseph Superior Court Number Two. We do not deem it necessary to cite authority that having pre-

viously lost jurisdiction by virtue of the legislative act, the attempt to transfer after the expiration of the ten-day provision of the aforesaid Act, was, in all things, void.

The record before us further reveals that there is no valid bill of exceptions now before us, as the regular Judge of the St. Joseph Probate Court attempted to settle, approve and sign the said pretended bill of exceptions on the 28th day of May, 1959, long after he had lost jurisdiction of this cause.

It also appears that on the 29th day of May, 1959, the regular Judge of the St. Joseph Superior Court Number Two attempted also to settle, approve and sign a bill of exceptions in this cause, although he never legally acquired jurisdiction of this cause.

By reason of what we have heretofore stated, we do not believe it possible for the appellant herein to secure a bill of exceptions properly and legally settled, approved and signed and made a part of the record of this cause, and, since a proper bill of exceptions is necessary in this appeal, the only remedy available to the appellant is a new trial, as the failure of the Judge of the St. Joseph Probate Court to comply with the legislative mandate is a failure of the court which entitles the appellant to equitable relief. See *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338; *Cook* v. *State* (1951), 231 Ind. 695, 97 N. E. 2d 625, 110 N. E. 2d 749.

In order to afford the appellant the constitutional rights granted him by Article I of §12 of the Constitution of Indiana, a new trial is ordered, and the Clerk of the St. Joseph Circuit Court is hereby directed to assign this cause to the Circuit or Superior Court of St. Joseph County for said new trial.

Ax, J., Myers, J., Ryan, C. J., concur.

NOTE.—Reported in 181 N. E. 2d 867. Transfer denied 193 N. E. 2d 903.