**STATE of Indiana on the relation of Eddie GRIFFIN, Relator,**

v.

**William F. LAWLER, Jr., Special Prosecutor, Delaware County Superior Court # 1; Delaware County Superior Court # 1 and the Honorable Robert L. Barnet as Judge Thereof, Respondents.**

No. 18S00–9502–OR–202.

Supreme Court of Indiana.

Dec. 27, 1995.

Geoffrey A. Rivers, Public Defender, Joseph P. Hunter, Special Public Defender, Quirk & Rivers, Muncie, for Eddie Griffin.

William F. Lawler, Jr., Special Prosecutor, Delaware Superior Court I, Anderson, for William F. Lawler, Jr.

## ORIGINAL ACTION

SULLIVAN, Justice.

The eligibility requirements contained in subsection (c) of the Indiana special prosecutor's statute, Ind.Code § 33–14–1–6, require that a person appointed to serve as a special prosecutor be either the prosecuting attorney or a deputy prosecuting attorney in another county. We hold that this requirement applies at the time of appointment only; a duly appointed special prosecutor whose service ceases as either the prosecuting attorney or a deputy prosecuting attorney in another county is not disqualified under Ind.Code § 33–14–1–6(c) from continuing to serve as special prosecutor.

---

Eddie Griffin, the relator in this original action, was charged in Delaware Superior Court with Class A Robbery in 1993. The trial court granted Griffin's motion for change of prosecutor and appointed respondent William F. Lawler, then the prosecuting attorney in Madison County, to serve as special prosecutor in Griffin's case. On December 31, 1994, Lawler's service as Madison County prosecutor ended.

Griffin filed this original action, seeking a writ of mandate to require the trial court to remove Lawler as special prosecutor on grounds that he no longer met the statutory requirements for service as a special prosecutor. We denied the request for a writ on March 10, 1995, and now write to explain our decision.

Subsection (c) of Indiana Code § 33–14–1–6 provides:

> Each person appointed to serve as a special prosecutor:
>
> (1) Must consent to the appointment; and
>
> (2) Must be:
>
>> (A) The prosecuting attorney; or
>>
>> (B) A deputy prosecuting attorney;
>
> in a county other than the county in which the person is to serve as a special prosecutor.

Ind.Code § 33–14–1–6(c) (1993). Griffin contends that these requirements made it improper for Lawler to continue as special prosecutor following the end of his service as Madison County prosecutor.

We disagree. First, subsection (c) sets forth the requirements for "[e]ach person *appointed* to serve as special prosecutor," not each person serving as special prosecutor. We refuse to re-write the statute. Second, subsection (e) of the same statute provides the formula for compensation of a special prosecutor "[i]f the special prosecutor is not regularly employed as a full-time prosecuting attorney or full-time deputy prosecuting attorney." Ind.Code § 33–14–1–6(e) (1993). While this provision in all likelihood was meant primarily to cover part-time prosecutors and deputy prosecutors serving as special prosecutors, its language also provides a formula for compensation for individuals who were prosecuting attorneys or deputies when appointed but are no longer so serving. The fact that there is a compensation mechanism for individuals in Lawler's situation provided in the special prosecutor's statute buttresses our conclusion that the legislature did not intend to disqualify duly appointed special prosecutors from continuing if they ceased service as regular prosecutors or deputies.

Griffin cites *Wininger v. State* (1988), Ind. App., 526 N.E.2d 1216, which admittedly contains the following language: "[A]bsent compliance with the eligibility requirements under Ind.Code § 33–14–1–6, it would be improper for an individual to continue as a special prosecutor." However, the context of *Wininger* was completely different from the present case. In *Wininger,* the defendants sought removal of the special prosecutor on grounds that the disability of the *regular* prosecutor to serve in the case had been removed. *Id.,* 526 N.E.2d at 1221–22. As such, the language quoted applied to the eligibility requirements governing whether *regular* prosecutor can serve contained in Ind.Code § 33–14–1–6(b). It did not apply to the eligibility requirements for *special* prosecutors to be appointed contained in Ind. Code § 33–14–1–6(c). *Wininger* is not applicable to this case.

We note that our decision in this matter is consistent with our opinion in *State ex rel. Hodshire v. Bingham* (1941), 218 Ind. 490, 33 N.E.2d 771, and Indiana Trial Rule 63(A), both of which stand for the proposition that a regular judge of one court appointed to serve as a special judge in a matter in another court continues to have authority to hear the case as a special judge notwithstanding the fact that his or her term as a regular judge may have expired.

On the basis of the reasons set forth above, Griffin's petition for a writ of mandamus was denied.

SHEPARD C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.