BOHANNON & MORRISON, INC. *v.* STUTZ MOTOR CAR COMPANY.

[No. 15,466. Filed April 14, 1937. Rehearing denied June 16, 1937.]

*Roy L. Volstad,* for appellant.

*Roemler & Rust,* for appellee.

KIME, J.—This was an action in replevin by appellant against the appellee to recover the possession of an automobile, in which judgment was rendered, in the court below, in favor of appellee. Appellant filed a motion for new trial setting up as grounds therefor that the finding of the court is not sustained by sufficient evidence and is contrary to law, which motion was overruled. This appeal followed and the error assigned is that the court erred in overruling appellant's motion for new trial.

Point sixth under rule 21 of the Supreme and Appellate Courts, reads as follows: "The briefs shall contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on stating its number as designated in the original assignment of error, and in case the error assigned is the overruling of the motion for new trial, then the cause relied upon numbered as in the motion. . . ." Appellant has not complied with this rule, in the preparation of its brief, in that it failed to set out the error or errors relied on for reversal under its propositions and authorities, but has set out abstract statements of law without applying

them to any assignment of error. Any alleged error not stated under the heading of "Propositions and Authorities" can not be considered, and is deemed waived, therefore, there is no question presented here for decision. Rule 12 *supra,* point sixth; *Chicago etc., R. R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626 and 627, 103 N. E. 652; *Doering* v. *Walters* (1923), 80 Ind. App. 194, 140 N. E. 74.

The record discloses that appellant filed a petition for leave to amend a page of its brief by being permitted to interline thereon "Error relied upon as set out in motion for new trial. 1. The finding of the court is not sustained by sufficient evidence and is contrary to law." Notice was given to the appellee which it acknowledged. The court granted the above petition. Upon re-examination of the petition we find that appellant has not complied with Rule 25 of the Supreme and Appellate Courts, which rule governs amendments, in that appellant has failed (a) to present a *verified* application setting forth the proposed amendment and (b) to give reasons upon which it is based. The fact that appellee acknowledged that notice and made no objection, at the time set out in the notice, to the granting of said application is immaterial as appellee had the right to believe that inasmuch as appellant had not complied with rule 25, *supra,* that this court would not act contrary to its own rules and grant appellant's application, appellee basing such assumption on the well established principle that the rules of court have the force and effect of law and are binding upon both litigants and the court.

Assuming that the application was sufficient and the court committed no error in granting it, we would still be compelled to hold that no question is here presented for the reason that the right to amend given was by interlineation. This appellant did not do, but filed a separate document entitled "Appel-

lants Amended Page '34' of appellants brief. . . ." Appellant's brief, therefore, is deemed not to have been amended.

Since the only assignment of error was the overruling of the motion for new trial and that has been waived this cause is in all things affirmed and it is so ordered.