TANNER *v.* BERGEN ET AL.

[No. 16,566.   Filed May 10, 1940.]

*James W. Brissey*, of Covington, for appellant.

*Matson, Ross, McCord & Ice, James V. Donadio*, and *R. Stanley Lawton*, all of Indianapolis, for appellees.

CURTIS, J.—This is an appeal from a final award of the full Industrial Board of Indiana.   We quote from said award as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the record in this cause and being duly advised therein, now finds that on June 23, 1938, one Frank Tanner filed an application for the adjustment of a claim for compensation, naming Bergen and Bergen as defendants therein; that on October 15, 1938, by an order of the Industrial Board said application was amended by substituting Myrtle Kiser and Charles Kiser Tanner as party-plaintiffs; that a hearing on said application was had in the city of Covington, Indiana, on March 23, 1939, before a single member of the Industrial Board, at which hearing plaintiffs were present in person and by their attorneys. . . . The defendants were represented by . . . their attorney. On March 30, 1939, the hearing member entered a finding that the true name of the plaintiff designated as Charles Kiser Tanner is Charles Franklin Kiser and that he was born to the plaintiff, Myrtle Kiser and Frank Kiser, her lawful husband, on July 8, 1933, who were prior thereto and at said time living together as lawful husband and wife.

"Said hearing member further found that the said plaintiff designated as Charles Kiser Tanner, was not the issue of the plaintiff Myrtle Kiser and the decedent Frank Tanner.

"Said hearing member further found that plaintiffs' decedent's death was not the result either directly nor indirectly of any accidental injuries suffered by the plaintiffs' decedent as a result of his employment with the defendant and entered an award that the plaintiffs take nothing by their application form No. 10 heretofore filed in this case and that they pay the costs of this proceeding.

"The full Industrial Board further finds that no appeal from such finding and award was taken.

"It is further found by the full Industrial Board that on August 7, 1939, Myrtle Tanner, plaintiff herein, filed her application for the adjustment of a claim for compensation, naming Harold Bergen and Victor Bergen as the defendants and alleging that on September 23, 1938, Frank Tanner died as a proximate result of personal injuries received by him on April 1, 1938. That said cause was called

for hearing before a single member of the Industrial Board, in the court house, in the city of Covington, Indiana, on November 14, 1939, at 9 o'clock A. M.; that plaintiff was present in person and by her attorney, James W. Brissey; the defendants were present by their attorney. . . . That when said cause came on for hearing the defendant moved the Industrial Board to dismiss the application of the plaintiff Myrtle Tanner, filed with the Industrial Board on August 7, 1939, for the reason that all matters alleged in said application had been adjudicated by an award of the Industrial Board of Indiana, made on March 30, 1939, which award was unappealed from.

"That on a stipulation of the record dictated by the hearing member during which the plaintiff Myrtle Kiser Tanner was called to the witness stand, the hearing member sustained defendant's motion to dismiss.

"And the full Industrial Board having considered all of the record in this cause, now finds for the defendants and sustains the defendants' motion to dismiss plaintiffs' application for the adjustment of a claim for compensation, filed August 7, 1939.

"Award.

"It is therefore considered and ordered by the Industrial Board of Indiana, that plaintiffs' application for the adjustment of a claim for compensation, filed August 7, 1939, should be and the same is hereby dismissed for lack of jurisdiction."

This appeal is from the above award, the error assigned being that the award of the full Industrial Board is contrary to law.

The appellees insist that the appellant has presented nothing for review and call our attention to deficiencies in the appellant's brief as follows:

"Appellant's brief has no heading known as 'Propositions and Authorities' as required by Rule 18 (Sixth) of the Revised Rules of the Supreme and Appellate Courts of Indiana adopted June 21, 1937, nor does it have any other section which could be construed as a

good-faith attempt to comply with the aforesaid mentioned Rule of this court.

"Appellant's brief does not contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on.

"Appellant's brief does not contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on designated by number as in the original assignment of errors.

"Appellant has not supported each of her assignments 'by separately numbered propositions concisely stated, without argument, and separately numbered or lettered points and authorities.'

"Appellant has not included a condensed recital of evidence in narrative form in the 'statement of so much of the record as fully presents every error and exception relied on.' "

Section 40-1512, Burns' 1933, § 16437, Baldwin's 1934, provides that an appeal from an award of the Industrial Board is "under the same terms and conditions as govern appeals in ordinary civil actions." An examination of the appellant's brief discloses that it is subject to the various criticisms aimed at it by the appellees as above set forth. We are compelled, therefore, to hold that nothing has been presented for review by the appellant's brief. See: *Bohannon & Morrison, Inc.* v. *Stutz Motor Car Co.* (1937), 103 Ind. App. 552, 7 N. E. (2d) 510; *Catherwood* v. *Sills* (1936), 210 Ind. 580, 4 N. E. (2d) 187. See also Revised Rules of the Supreme and Appellate Courts of Indiana, adopted June 21, 1937, effective as of August 31, 1937.

The failure of the appellant to present any question in his brief is ground for affirmance.

Award affirmed.

NOTE.—Reported in 27 N. E. (2d) 124.