MORROW, INC. *v.* PAUGH

[No. 18,022. Filed May 1, 1950. Rehearing denied May 19, 1950. Transfer denied June 20, 1950.]

*Frank H. Hatfield, Isadore J. Fine, Joe S. Hatfield* and *Charles H. Sparrenberger,* all of Evansville, for appellant.

*Ewing E. Wright,* of Osgood, and *Darby & Fitzgerald,* of Evansville, for appellee.

ROYSE, J.—On April 2, 1946 appellee and appellant entered into the following agreement:

## "TRUCK LEASE

"THIS AGREEMENT by and between Raymond Paugh of Versailles, Ind. Lessor, and Morrow, Inc. of 1811 Pennsylvania, Evansville, Ind. Lessee.

WITNESSETH:

1. The lessor hereby leases to the lessee the following described motor vehicle equipment:

| Tractor No. | Trailer No. | Truck No. | License No. |
|---|---|---|---|
| Ford | Trailmobile | | Ind. 5153-1946 |

Wherever it (or they) may be, (a) for a period of    commencing at the    2nd day of April, 1946, and expiring on the    3rd day of April, 1946, (b) for a period of one trip from Chicago, Ill. to Washington, Ind expiring when the delivery is completed *pursuant to shipping instructions.*

2. The lessor will furnish for operation of the said vehicle or vehicles the required lubricants and fuel and will also furnish one or more competent drivers as may be the case.

3. During the period of this lease the said vehicle or vehicles shall be solely and exclusively under the direction and control of the lessee who shall also be liable to the shipper or consignee for any loss, damage or unreasonable delay of the cargoes, for any property damage that may be caused by the operation of the said vehicle or vehicles by the lessee, and for any public liability resulting from the said operation by the lessee, subject to such, if any, rights or subrogation which the insurance companies of the lessee may have under the circumstances.

4. Upon the expiration of this lease possession of the vehicle or vehicles will promptly be restored to the lessor in as good condition as when received by the lessee, ordinary wear and tear excepted.

5. In consideration of the foregoing, lessee agrees promptly to pay to the lessor and the lessor agrees to accept as hire of the said equipment and reimbursement for the services of any driver or drivers the following compensation:

> To be paid $4.50 per ton on 20,500     $46.12
> advanced $20.00 bal of $26.12 to be paid
> at Chicago on presentation of trip lease
> and bill properly signed

Signed in duplicate this 2nd day of April, 1946

> Signed Raymond Paugh   Lessor
> Morrow, Inc.,   Lessee
> By . ./s/ J. E. Seymour."

Pursuant to the terms of this lease appellee personally loaded the truck in Chicago, as directed by appellant, and started for Washington, Indiana. Enroute the truck was in collision with an automobile on U. S. Road 52 near Templeton. As a result of the collision the truck was destroyed by fire.

Subsequently, appellee brought this action against appellant for damages sustained by him in the loss of the truck. The complaint alleged the execution of the foregoing lease and that while appellee's truck was being used on the trip it was destroyed by fire, all without fault on the part of appellee. Appellant filed its answer in three paragraphs, the first, admission and denial under the rules. It denied the allegations averring the execution of the lease, but admitted it was signed by the parties. The second charged an abandonment of the lease; that the truck was never operated under the lease; that appellee elected to retain possession of the truck and instead of furnishing a driver drove the truck himself; that the truck was never delivered to appellant and was never in its possession, and therefore it could not return it to the appellee. The third averred appellee was instructed

by appellant that its permit in interstate carriage was limited to Federal Highway 41 in Indiana, and directed appellee to use said highway, which instructions he failed to obey, and in violation thereof left said highway and transferred to Federal Highway 52 where the accident which destroyed the truck occurred. It further avers that by reason of the accident said transportation was never completed, the cargo never delivered, and the contract of transportation never performed, etc.

After reply by appellee the cause was tried to a jury which returned a verdict in favor of appellee for $3,630. Judgment accordingly. The error assigned here is the overruling of appellant's motion for a new trial. This motion questions the sufficiency of the evidence and the legality of the verdict, also the giving of certain instructions.

Appellant first contends the contract sued, while entitled a "Truck Lease," was, by its terms, a contract of bailment. It bases this contention on the provision requiring that possession of the vehicle be restored to the lessor.

In reply to this contention appellee asserts the record conclusively shows that appellant, at no time, either in the pleadings, in the evidence, or in any other manner, defended this action on the theory the contract is one of ordinary bailment. He says, therefore, appellant adopted his theory of liability under the terms of the agreement.

It is essential in bailment that there be a delivery of the property to the bailee. 6 Am. Jur. 140, § 4; 8 C. J. S. 222, § 1. By its pleadings appellant denied it had received the property. Strictly speaking, the letting of all personal property is a bailment. 35 C. J. 954, § 9. Regardless of what it is

termed, the rights and liabilities of the parties are to be determined by the terms of the contract they made. 6 Am. Jur. 277, 278, § 183.

It is undisputed that the shipment which was involved herein was interstate and that the only I. C. C. permit appellant had for shipments south from Chicago was over U. S. 41. Appellee had no I. C. C. permit and he was operating under appellant's permit. Under the terms of the agreement it was the duty of appellee to follow the shipping instructions of appellant. Appellee concedes this. There is a conflict in the evidence as to whether appellant exercised its right to give shipping instructions. Appellee drove the truck. He says appellant did not give him any instructions as to the route he was to take. He said the only reference to this was that one of the appellant's dispatchers asked if he knew where Washington was. He said "Yes," and the dispatcher said "O. K." He used U. S. road 52. Appellant's dispatcher said he positively directed appellee to use U. S. road 41.

Appellant further contends that under the provisions of the agreement the time and occasion for appellant to return the truck was upon the expiration of the lease—when delivery was made at Washington, Indiana. The shipment never was delivered and the time and occasion for restoring the property never came. It also asserts appellee cannot recover because he failed to aver in his complaint that he had performed all of his part of the written contract.

Appellee's obligation under the terms of the contract was to furnish the kind of vehicle described therein and provide a competent driver. The evidence is undisputed that appellee did these things.

Appellant did not demur to the complaint. Therefore, if the complaint was insufficient the question has

been waived. Sec. 2-1011, Burns' 1946 Replacement; *Greenwell* v. *Cunningham et al.* (1948), 118 Ind. App. 251, 76 N. E. 2d 684 (Transfer denied).

Appellant finally contends that impossibility of performance relieved appellant of any liability, the impossibility consisting of the nature of the thing to be done, not upon the ability to perform. The impossibility or inability not being foreseen, could not have been in the contemplation of the parties.

In 12 Am. Jur., p. 935, § 336, it is stated:

"The authorities are not entirely harmonious in their statements as to the legal effect of whether or not the parties anticipated, or might or should have anticipated, the occurrence, or the possibility or probability of occurrence, of the event causing impossibility or the result of impossibility if the event occurred. One view is that where the event which causes the impossibility was or might have been anticipated and guarded against in the contract, an unqualified undertaking is to be construed as an absolute contract binding the promisor to perform things which subsequently become impossible or to pay damages for the nonperformance. But where the event is of such a character that it cannot reasonably be supposed to have been in the contemplation of the contracting parties when the contract was made, they will not be held bound by general words which, though broad enough to include, were not used with reference to the possibility of the particular contingency which afterwards happens. It has been said that the rule adopted by the Supreme Court of the United States is that 'although general words, which cannot be reasonably supposed to have been used with reference to the possibility of an event, may not be held to bind one, yet, where one, at the time of making his contract, must have known or could have reasonably anticipated, and in his contract could have guarded against, the possible happening of the event causing the impossibility of his performance, and nevertheless he makes an

unqualified undertaking to perform, he must do so or pay the damages for his failure.' " *Krause et al.* v. *Board of Trustees of the School Town of Crothersville* (1904), 162 Ind. 278, 70 N. E. 264.

See also, 17 C. J. S., p. 960, § 465.

Surely it cannot be asserted it was unreasonable to assume the parties had in mind that in the performance of this contract such an accident might happen. Therefore, the accident by which appellee's vehicle was destroyed did not relieve appellant of the obligation it assumed by reason of the unequivocal provision of Clause 4 of the contract.

No question concerning instructions is presented because the objections thereto are not set out in the brief.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 858.