AMERICAN CASUALTY COMPANY *v.* HALLMAN, ADMINISTRATRIX, ET AL.

[No. 19,861. Filed November 30, 1962. Rehearing denied December 19, 1962. Transfer denied April 10, 1963.]

*Jones, Obenchain, Johnson, Ford & Pankow* and *James H. Pankow*, of South Bend, for appellant.

*Kizer & Neu*, of Plymouth, *Rockhill, Vanderveer, Kennedy & Lee, Widaman, Bowser & Widaman*, both of Warsaw, *Benton W. Bloom* and *Bloom & Bloom*, of Columbia City, for appellees.

KELLEY, J.—Appellant filed its brief in this appeal on June 15, 1962. Appellees have entered a special appearance herein on July 9, 1962 and filed a motion to dismiss the appeal or affirm the judgment appealed from.

It is difficult to ascertain the full sequence of events from appellant's brief. However, so far as we are able to perceive, the appellee, Mary Hallman, as the dependent wife of her deceased husband, Kenneth A. Hallman, together with their children, brought proceedings before the Industrial Board against one William Shemberger for "death benefits" and an award was entered in favor of the applicants for four hundred (400) weeks compensation at the rate of thirty-nine ($39.00) dollars per week and five hund-

red ($500.00) dollars "burial benefit." The appellant, as the insurance carrier for said William Shemberger, paid said burial benefits and compensation in the total amount of $4566.00. In said proceeding before the Industrial Board the appellant "resisted" the payment of said "benefits" and filed special answers charging the decedent with "willful failure or refusal to perform" a statutory duty required "under Burns' Indiana Statutes, Section 47-2115; Burns' Indiana Statutes, Section 47-2114; Burns' Indiana Statutes, Section 47-2118."

Thereafter, said Mary Hallman, as Special Administratrix of the estate of said decedent, "instituted suit" in the Whitley Circuit Court against the appellee, New York Central Railroad, as a third party tort-feasor, for wrongful death of said decedent and recovered judgment therein against said defendant in the sum of $40,000.00. Appellant filed notice of a claim of lien against said judgment in the amount of the compensation paid under the said Industrial Board award and sought leave to intervene and enforce its lien. The appellees, Marshall F. Kizer, John Widaman and Benton W. Bloom then filed a petition in said Whitley Circuit Court "to claim and enforce attorneys' lien against" appellant on the theory that their action in bringing the suit against said railroad and obtaining said judgment had benefitted the appellant in the amount of $16,100.00 in that appellant was by said judgment relieved of "any payments in the future"; and that it would be "unjust, inequitable and unjust enrichment" for appellant to receive reimbursement of its payments made under the Industrial Board award and be relieved of future payments without contributing to the reasonable attorney fees which the dependents of the decedent were required to

bear in order to procure the judgment resulting in a benefit to appellant of $16,100.00.

Appellant's brief contains no verbatim copy of the judgment, as rendered, of the trial court. Under the heading of How the Issues were Decided and what the Judgment was, appellant states, in material substance, that

> "Hearing was had on the petition to intervene of American Casulty Company and the petition to enforce claim and attorneys' fees by petitioning attorneys . . . . The Whitley Circuit Court granted leave 'to appellant' to intervene and awarded it a lien against the judgment entered in the wrongful death action to the extent of $4566.00. 'The . . . court granted leave to petitioning attorneys to intervene and awarded petitioning attorneys a judgment for their fees against' appellant 'in the amount of' $4566.00. 'The . . . court directed the clerk of said court to disburse to petitioning attorneys the sum of $4566.00. . . .'"

It is patent that said quoted statement is appellant's resume of a part of the trial court proceedings and the action taken by the court with relation thereto, including an averment that the court "awarded" the "petitioning attorneys" a judgment for $4566.00. Appellee contends that this court, unless resort to the record is made, "cannot . . . tell from appellant's brief what the judgment actually was in this cause," and that the effect of the judgment, if any, on the appellees other than the three named attorneys does not appear, since appellant made no statement concerning such effect and has not set forth the judgment in its entirety.

Under its "Narrative Statement of Evidence" appellant states in total:

"The verified petition of petitioners Marshall F. Kizer, John Widaman, and Benton W. Bloom was offered and received into evidence (Tr. p. 19). Its contents, and the contents of Notice and Claim of Lien, and exhibits attached thereto, form the evidence on the issues presented for appeal and are set forth in Part II. of Appellant's Brief."

We find no Part II. of appellant's brief. A reference to the transcript fails to disclose any bill of exceptions containing the evidence.

As its "Concise Statement of Record That Presents Errors Relied Upon," appellant sets forth its motion for a new trial; a statement that it filed a "praecipe for transcript of the record" pertaining to certain issues in the Whitley Circuit Court; and its assignment of errors. It is apparent that the foregoing is not a concise statement of the record presenting "every error and objection relied upon" within the meaning and provisions of Rule 2-17 (d) of the Supreme Court.

Appellant's motion for a new trial specifies that the "finding" of the court is not sustained by sufficient evidence and that the "finding" of the court is contrary to law. The "finding" of the court is not set forth in appellant's brief. The two remaining specifications of the motion for a new trial are that the "decision" of the court is not sustained by sufficient evidence that the same is contrary to law. The determination of said two remaining specifications in the new trial motion require a consideration of the evidence and as the evidence is not in the record before us, said specifications present no question.

In view of deficiencies of appellant's brief, as above referred to, and the failure by appellant to comply

with provisions of Supreme Court Rule 2-17, the judgment of the trial court must be affirmed.

By direction of the court, the judgment is affirmed.

NOTE.—Reported in 186 N. E. 2d 175.