HINSHAW *v*. HILDEBRAND ET AL.

[No. 19,975. Filed September 30, 1963.]

*Ryan & Lind*, of Danville, for appellant.

*Edward D. Lewis*, of Plainfield, *Allen J. Stevenson*, of Danville, *John P. Price* and *Hollowell, Hamill & Price*, of counsel, of Indianapolis, for appellees.

MOTE, C. J.—The matter before us is an attempted appeal from the Putnam Circuit Court from a judgment rendered therein against appellant and in favor of appellees.

The action was commenced below by the filing of a complaint in which it was alleged that the plaintiff, appellant herein, is the owner in fee simple of certain real estate in Hendricks County, Indiana; that the defendants, appellees, claimed an interest therein adverse to said plaintiff without right and unfounded, and a cloud upon plaintiff's title. The prayer sought a declaration that defendant's claim be null and void and that plaintiff's title be quieted.

A second verified paragraph of complaint thereafter was filed seeking certain injunctive relief and a temporary restraining order was issued after hearing.

The cause was venued from the Hendricks Circuit Court to the Putnam Circuit Court and answers were filed.

At the conclusion of the introduction of plaintiff's evidence at the trial the court sustained a motion to strike out the evidence introduced in behalf of plaintiff, appellant herein, and entered judgment for the appellees and vacated the temporary injunction theretofore issued.

By appellees' motion to dismiss or affirm, which is now before us for consideration, appellees assert that there are fatal defects in the brief in that the motion for new trial is not set forth in said appellant's brief; error is claimed on the exclusion and admission of various exhibits and the exhibits both rejected and admitted into the evidence by the trial court, are not included in the brief; that error predicated on the exclusion of evidence must be made a ground for a motion for new trial; that appellant's brief does not contain the motion for judgment and directed verdict, the ruling on which is alleged to be erroneous; that the ruling on a motion to strike plaintiff's evidence is alleged to be

erroneous, and the motion is not set forth in appellant's brief; as well as other alleged defects.

We are constrained to hold that appellees' motion is well taken and that appellant's brief presents to this court no error which would call for a reversal of the trial court.

Numerous decisions in Indiana support appellees' contention that the failure to set forth in appellant's brief a motion for new trial, at least in substance, presents no question. *Bennett* v. *State* (1961), 242 Ind. 297, 177 N. E. 2d 454; *Wischmeyer et al.* v. *Fisher et al.* (1960), 130 Ind. App. 245, 161 N. E. 2d 485, 163 N. E. 2d 619; *Lincoln Township, etc.* v. *Ancilla Domini Sisters, etc.* (1959), 129 Ind. App. 539, 154 N. E. 2d 420.

We are not required to search the record and we cannot say that the admission of exhibits or the rejection of exhibits into the evidence is error, without the exhibits before us, together with the manner and methods employed in the offer, admission or rejection. No question is presented as to such exhibits since there was a failure to set them forth in the brief. *Frankenstein* v. *Coil Construction Company, Inc. et al.* (1957), 127 Ind. App. 642, 143 N. E. 2d 468; *State of Indiana ex rel. Salt Creek Civil Township et al.* v. *Stevens et al.* (1918), 69 Ind. App. 137, 121 N. E. 371.

In the interest of brevity it should suffice to state that appellant has wholly failed to present in her brief any justiciable question for our consideration and we therefore have no alternative but to affirm the lower court.

NOTE.—Reported in 192 N. E. 2d 767.