## MICHAELS *v.* JOHNSON.

[No. 20,441 & 20,442. Filed February 24, 1967. Rehearing denied April 24, 1967. Transfer denied October 31, 1967.]

*Hunt, Suedhoff & Wilks* and *William L. Wilks,* both of Fort Wayne, for appellant.

*Nieter, Smith, Blume, Wyneken & Dixon* and *Ralph R. Blume,* both of Fort Wayne, for appellee.

PRIME, J.—This is an appeal from a judgment adverse to appellant, defendant below. No discussion of facts is contained herein; this case has not been considered on the merits.

■ Appellant has omitted vital matter from his Brief. It is fatally defective for failing to include therein:

1. Appellant's assignment of errors, or any statement concerning its content. *Clements* v. *State* (1963) 244 Ind. 501, 193 N. E. 2d 908. Indiana Supreme Court Rule 2-17.

2. Appellant's motion for new trial. *Coleman* v. *State* (1961) 241 Ind. 663, 175 N. E. 2d 25. *Hinshaw* v. *Hildebrand* (1963) 135 Ind. App. 157, 192 N. E. 2d 767.

3. Appellant's objections to the giving or refusal to give the instructions complained of. *Morrow* v. *Paugh* (1950) 120 Ind. App. 458, 91 N. E. 2d 858.

4. The judgment of the trial court. *American Casualty Co.* v. *Hallman* (1962) 134 Ind. App. 447, 186 N. E. 2d 175.

After being apprised of the above defects by Appellee's Answer Brief, Appellant then submitted to this court the following petition:

"Appellant's Motion to Include Additional Materials in Concise Statement of Record.

"Comes now the Appellant through his attorney, and respectfully requests that he be allowed to include as additional materials in his Concise Statement of the Record, the first 66 pages of Appellant's Reply Brief. In support of this Motion, Appellant alleges that the first 66 pages of his Reply Brief contain additional excerpts from the record, and more specifically, all the additional excerpts allegedly omitted from Appellant's original Concise Statement of the Record. To better allow this court to decide this cause upon the merits, Appellant, rather than quibble with Appellee's position, has included all allegedly omitted materials as a preface to Appellant's Reply Brief, and at this time respectfully moves the Court to allow to same to be considered as part of Appellant's original Concise Statement of the Record."

This petition was interpreted as a request by Appellant to amend his Reply Brief, there appearing in the petition no mention of Appellant's Brief or request to amend Appellant's Brief. No briefs or other memoranda accompanied the petition to aid in its consideration.

The court, acting through the Chief Justice, issued the following order after holding the above petition for two weeks:

"Authority to Include Additional Materials in Concise Statement of Record.

"On February 7, 1966, the appellant filed his petition to include as additional materials in Concise Statement of Record, the first 66 pages of Appellant's Reply Brief, allegedly omitted, said petition being in the following words and figures, to-wit:

(H. I.)

"And the court being fully advised in the premises finds that the petition to include additional materials in the Concise Statement of Record of Appellant's Reply Brief should be granted.

"IT IS, THEREFORE, ORDERED that the Appellant amend the Concise Statement of Record in Appellant's Reply Brief to include additional materials allegedly omitted."

Appellant amended his Reply Brief accordingly but made no change in his brief in chief.

Therefore, all we have before us is Appellant's defective Brief and Appellee's Answer Brief, and pages 67-81 of Appellant's Reply Brief, containing only a Reply to Appellee's Answer Brief. Pages 1-66 must be disregarded, since that material is concerned with new issues not discussed in the Appellant's Brief. The pertinent rule as stated in Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, § 2682 and numerous cited cases, is:

"Appellant may discover that he has made omissions or inaccurate statements in his original brief and desire to make corrections or additions. He cannot do this in his Reply Brief. If additions or corrections were allowed to be made, Appellee would have no opportunity to answer as to them for the Reply Brief is the last brief on the merits." See also: *Bohannon* v. *Stutz* (1937) 103 Ind. App. 552, 7 N. E. 2d 510.

Appellant has, by the numerous errors and omissions referred to, failed to present any issue on appeal. The judgment appealed from is hereby affirmed.

Judgment affirmed.

Carson and Faulconer, JJ., concur.

Cooper, C. J., not participating.

NOTE.—Reported in 223 N. E. 2d 585.

## ON PETITION FOR REHEARING

PRIME, J.—Appellant on March 13, 1967, filed his Petition for Rehearing supported by briefs. Appellee on March 17, 1967, filed her Petition to Dismiss Petition for Rehearing setting out that the Appellant has failed to comply with Supreme Court Rule 2-22. Rule 2-22 is as follows:

Application for a hearing of any cause shall be made by petition, separate from the briefs, signed by counsel, and filed with the Clerk within twenty (20) days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the Petition. Parties opposing the rehearing may file briefs within ten (10) days after the filing of the Petition.

We see no failure to comply with the above rule on the part of the Appellant and the Petition to Dismiss the Petition for Rehearing is denied.

The Appellant urges that he be granted a rehearing because he was led to believe that he had properly presented

his appeal on the merits of an order of this court which granted permission to the Appellant to amend his Reply Brief.

The Appellant contends that the order granted authority to him to include part of the concise statement of the record in his Reply Brief, and that since he did this he was under the impression that he was properly before the court on the merits.

The record shows that the petition to include the missing parts of the record in the Reply Brief bore the same date as the actual Reply Brief. (i.e. February 7, 1966).

The Appellant did not wait to have his petition acted upon but filed the Reply Brief the same day. This in itself is no violation per se, but it does give rise to the thought that, had the petition been denied, the Reply Brief would have contained unauthorized material.

The materials omitted in the brief in chief were included in the Reply Brief but it must be remembered that the Appellee had no opportunity to answer at that point.

It is regretable that the Appellant was under the impression that he had complied with the rules by reason of the order issued by the court. However, we must again state that the petition was considered to be a petition to amend the Reply Brief in some particular.

It would be a gross violation of the Supreme Court Rules to allow sixty-six pages of original record to be inserted in a reply brief with no opportunity given the Appellee to answer.

This court has said repeatedly that it desires to consider all cases on the merits but in some instances we are unable to do so. This is such a case.

The Petition for Rehearing is denied.

Petition denied.

Cooper, C. J., Carson, Faulconer, JJ., concur.

NOTE.—Rehearing denied 225 N. E. 2d 581.