JAMES C. WRIGHT, Plaintiff-Appellee, v. AUTOHAUS FORTENSE, INC., Defendant-Appellant.

Fourth District   No. 4—84—0242

Opinion filed December 17, 1984.

*Justice Downing participated in the above opinion before the expiration of his term in office.

Gregory L. Barnes, of Thomas M. Wheeler, Ltd., of Decatur, for appellant.

D. Douglas McCarthy, of Baird, Latendresse, McCarthy & Rowden, of Decatur, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Plaintiff, James C. Wright, brought this action against defendant, Autohaus Fortense, Inc. (Autohaus), to recover for damage to his automobile and its contents, which were alleged to be the subject of a bailment with defendant as bailee. On February 27, 1984, following a bench trial in the circuit court of Macon County, the court entered a judgment for the plaintiff in the amount of $1,537.32. On appeal,

defendant maintains: (1) plaintiff failed to prove a bailment of his automobile and its contents; and (2) the trial court's ruling that plaintiff established a *prima facie* case of negligence was against the manifest weight of the evidence.

At trial, plaintiff testified that he left his disabled automobile unattended in a parking lot overnight. He stated that he called Autohaus at noon the next day to arrange for repairs. He further stated that an employee of Autohaus, Doug Johnson, made arrangements to have the vehicle towed, and, at Johnson's request, plaintiff took the keys to the towing company. Plaintiff stated that at the time he called Autohaus there was no damage to the exterior body of the vehicle, the trunk or targa top, and the radio and sound equipment were in the vehicle.

The automobile was towed to Autohaus later that evening, and the keys were left with an Autohaus employee. The tow truck driver testified that he did not examine the car for damage to the body, and, although he did not see a radio, when he turned the key he heard music.

Autohaus' service manager, Doug Johnson, testified that the day after plaintiff had contacted him Autohaus employees found the disabled automobile on its lot, pushed the automobile to a parking space, locked the doors, and placed the keys inside the service department. Johnson testified that he made an estimate for repairs to that vehicle several days later, and the estimate did not include repairs to the exterior body or to replace the radio. An Autohaus mechanic testified that he started repairing the automobile the day after the estimate was made and noticed the top had been broken.

Plaintiff testified that repairs were completed approximately two weeks after he originally called Autohaus. He stated that, when he arrived at Autohaus to claim his automobile there was damage to the body, his radio and auto equalizer were missing from the interior, and numerous items were missing from the trunk. He further testified that he noticed the interior of the vehicle was wet. At plaintiff's request, defendant made the repairs and replaced the radio but indicated the payment for these expenses would be plaintiff's responsibility.

■ Among the necessary elements to prove a bailment are (1) an agreement by the bailor to transfer or deliver and the bailee to accept exclusive possession of goods for a specified purpose; (2) the actual delivery or transfer of exclusive possession of the property of the bailor to the bailee; and (3) acceptance of exclusive possession by the bailee. (*Kirby v. Chicago City Bank & Trust Co.* (1980), 82 Ill. App.

3d 1113, 1116, 403 N.E.2d 720, 723.) In addition, where a bailment for the mutual benefit of the parties is alleged, the plaintiff is required to allege the existence of consideration. *Miles v. International Hotel Co.* (1919), 289 Ill. 320, 124 N.E. 599.

■ Here, the evidence established the existence of a bailment. There was evidence that the vehicle was delivered to defendant in good, undamaged condition. Moreover, although the owner may have retained a set of keys to the vehicle, that fact does not prevent a finding of exclusive possession of the vehicle with the bailee. There was no evidence that the owner used his keys until after the damage was discovered. We conclude that plaintiff proved a bailment of his automobile and its contents with the exception of the items located in the trunk.

■■ In a bailment case, in order to establish a *prima facie* case and raise a presumption of defendant's negligence, a plaintiff must prove (1) an agreement, express or implied, (2) delivery of the property in good condition, and (3) its nonreturn or redelivery in a damaged condition. (*Clark v. Fields* (1967), 37 Ill. 2d 583, 229 N.E.2d 676; *Watson v. Byerly Aviation, Inc.* (1972), 7 Ill. App. 3d 662, 288 N.E.2d 233.) Here, the evidence showed an agreement and the redelivery of plaintiff's property in a damaged condition. In addition, there was some evidence to show delivery of the property in good condition. Thus, plaintiff has raised the presumption of defendant's negligence and established a *prima facie* case.

■ The rule in Illinois is that "a rebuttable presumption may create a *prima facie* case as to [a] particular issue *** and thus has the practical effect of requiring the party against whom it operates to come forward with evidence to meet the presumption." (*Diedrich v. Walters* (1976), 65 Ill. 2d 95, 100, 357 N.E.2d 1128, 1130.) However, "once evidence is introduced contrary to the presumption, the bubble bursts and the presumption vanishes." (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 462, 448 N.E.2d 872, 877.) There, the court stated that the amount of evidence required to rebut the presumption is not determined by any fixed rule, but it must be "sufficient to support a finding of the nonexistence of the presumed fact." Graham, *Presumptions in Civil Cases in Illinois: Do They Exist?* 1977 S. Ill. U.L.J. 1, 24.

■ Here, Autohaus presented evidence that its parking lot was well lit and was regularly patrolled by officers of the Macon County sheriff's department. In addition, each automobile was locked, and the keys were stored in the building. Finally, the owner of Autohaus testified that he stored his own automobiles outside overnight under simi-

lar circumstances. Based upon this evidence, we conclude that the "bubble" has burst, and defendant overcame the presumption of negligence. Once the presumption ceases to operate, the issue is determined on the basis of the evidence adduced at trial as if no presumption ever existed. *Diedrich v. Walters* (1976), 65 Ill. 2d 95, 357 N.E.2d 1128.

■ The question then becomes whether plaintiff presented sufficient proof that Autohaus failed to exercise that degree of care required in bailments for the mutual benefit of the parties. In cases culminating in *Sampson v. Birkeland* (1965), 63 Ill. App. 2d 178, 182, 211 N.E.2d 139, 141, the rule was stated to require "that degree of care which a reasonable and prudent person would exercise under the same or similar circumstances with respect to his own property." More recently, courts have stated the rule to be that a bailee is obligated to exercise "reasonable care under the circumstances." (*Watson v. Byerly Aviation, Inc.* (1972), 7 Ill. App. 3d 662, 670, 288 N.E.2d 233, 239.) The *Watson* rule is no different than the *Sampson* rule, because under either rule, the question is whether the bailee's conduct was reasonable under the circumstances. The *Sampson* rule would not excuse a bailee from failing to exercise care because the bailee would have been equally careless with his own property.

■ Here, the trial court concluded that plaintiff proved defendant did not exercise such care, because defendant could have placed plaintiff's automobile inside of its building, which could hold up to 20 automobiles, overnight. Such a determination was not contrary to the manifest weight of the evidence. The owner of Autohaus testified that he had complaints of theft or vandalism from his lot on four occasions prior to the instant action. Notwithstanding defendant's testimony that he kept his own automobiles outside under similar circumstances, we deem the proof of defendant's negligence to have been sufficient.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

MILLS and TRAPP, JJ., concur.