Joseph Edward McPHERSON and Joan Elissa McPherson, Plaintiffs and Appellees,

v.

Vaughn BELNAP and Jeffrey Belnap, Defendants and Appellants.

No. 910429–CA.

Court of Appeals of Utah.

April 9, 1992.

---

Larry G. Reed (Argued), Crowther & Reed, Salt Lake City, for defendants and appellants.

Scott Kunkel (Argued), Thompson, Hatch, Morton & Skeen, Salt Lake City, for plaintiffs and appellees.

Before BILLINGS, Associate P.J., and JACKSON and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Vaughn Belnap appeals from a judgment awarding damages to McPhersons for the loss of McPhersons' personal property stored at Vaughn Belnap's condominium. We affirm.

## FACTS

In August 1988, McPhersons sold their house to Vaughn Belnap and in September, moved into Vaughn Belnap's condominium under a six-month lease. In late November, Vaughn Belnap asked McPhersons if they would vacate the condominium because he had found a buyer for the property. The only alternative lodging McPhersons could find on such short notice was a furnished apartment. McPhersons told Vaughn Belnap they could vacate the condominium, but they had no room to store their furniture. Vaughn Belnap told McPhersons that his son, Jeffrey Belnap, was purchasing the condominium and did not have any furniture because he was obtaining a divorce. Therefore, he thought Jeffrey Belnap would be delighted if McPhersons left their furniture at the condominium until they found a permanent place to store it. Vaughn Belnap assured the McPhersons the property would be safe. McPhersons agreed to leave their furniture, and Vaughn Belnap later told them Jeffrey Belnap had agreed to the arrangement.

McPhersons moved out, leaving a number of items in the condominium. Jeffrey Belnap moved in as a tenant, rather than a purchaser. After vacating the condominium, the McPhersons had no key or other access to their furniture except through Vaughn or Jeffrey Belnap.

On December 15, 1988, the property stored at the condominium was stolen. At approximately 11:30 a.m. that day, a neighbor saw a pickup truck loaded with furniture parked in front of the condominium. Jeffrey Belnap contacted his father about the theft that evening and reported it to the police at 11:30 p.m. Although the doors of the condominium were equipped with dead bolt locks, the investigating officer found no evidence of a forcible entry.

McPhersons saw Vaughn Belnap at a car dealership sometime in December and told him they wanted to pick up their property. The next day, Vaughn Belnap left a message at Mr. McPherson's office informing him the property had been stolen. McPhersons brought suit against Vaughn and Jeffrey Belnap alleging conversion or, alternatively, breach of a bailment contract. McPhersons were unable to serve Jeffrey Belnap, and the case proceeded against Vaughn Belnap. The trial court found the agreement between McPhersons and Vaughn Belnap constituted a bailment contract for the mutual benefit of the parties, and Vaughn Belnap was liable for its breach. The trial court awarded McPhersons damages in the amount of $6,000.00. On appeal, Vaughn Belnap claims the trial court erred in determining a bailment was created, the bailment was for the parties' mutual benefit, and that he was negligent.

## BAILMENT AGREEMENT

 Vaughn Belnap contends a bailment was not created because he did not have possession and control of McPhersons' property. The existence of possession and control and the intentions of the parties with respect to the property involved in a bailment are factual questions. *Collins v. Boeing Co.*, 4 Wash.App. 705, 483 P.2d 1282, 1286 (1971). Thus, on appeal, "we will not set aside a trial court's factual findings unless they are against the clear weight of the evidence or we otherwise reach a definite and firm conviction that a mistake has been made." *Hoth v. White*, 799 P.2d 213, 216 (Utah App.1990). When challenging the trial court's findings of fact, an appellant must marshal all the

evidence supporting the trial court's findings and demonstrate that despite such evidence the factual findings are clearly erroneous. *Id.*

 "The creation of a bailment requires that possession and control over an object pass from the bailor to the bailee." *1420 Park Rd. Parking, Inc. v. Consolidated Mut. Ins. Co.*, 168 A.2d 900, 901 (D.C.1961); *see Christensen v. Hoover*, 643 P.2d 525, 529 (Colo.1982); *Marsh v. American Locker Co.*, 7 N.J.Super. 81, 72 A.2d 343, 344 (1950); *Dundas v. Lincoln County*, 48 Or.App. 1025, 618 P.2d 978, 982 (1980). The bailor must actually or constructively deliver the property to the bailee in such a way as to entitle the bailee to exclude others from possession during the bailment period, including the owner/bailor. *Broaddus v. Commercial Nat'l Bank*, 113 Okla. 10, 237 P. 583, 584 (1925). Usually, the factor determining whether the transaction is a bailment is whether the bailor surrenders possession and control over the property to the owner of the premises where the property is placed. *Weddington v. Stolkin*, 122 Ind.App. 670, 106 N.E.2d 239, 241 (1952); *accord Dundas*, 618 P.2d at 984. Therefore, the test has been described as

whether or not the person leaving the property has made such a delivery as to amount to a relinquishment, for the duration of the relation, of his exclusive possession, control, and dominion over the property, *so that the person upon whose premises it is left can exclude, within the limits of the agreement, the possession of all others.* If he has, the general rule is that the transaction is a bailment. On the other hand, if there is no such delivery and relinquishment of exclusive possession, and his control and dominion over the goods is dependent in no degree upon the co-operation of the owner of the premises, and his access thereto is in no wise subject to the latter's control, it is generally held that he is a tenant or lessee of the space upon the premises where the goods are left.

*Zucker v. Kenworthy Bros., Inc.*, 130 N.J.L. 385, 33 A.2d 349, 350 (1943) (empha-

sis added); *accord Dundas,* 618 P.2d at 983–84; *Marsh,* 72 A.2d at 345.

■ This does not mean that to be a bailment, the bailee must be the only one who has access to the property. The bailee may allow others to access the property without destroying the bailment. The requirement is only that the bailee have the right to exclude all persons not covered by the agreement and to control the property. *See e.g., Christensen,* 643 P.2d at 529 (mover); *Wright v. Autohaus Fortense, Inc.,* 129 Ill.App.3d 422, 84 Ill.Dec. 633, 635, 472 N.E.2d 593, 595 (1984) (employees and tow truck driver); *Romney v. Covey Garage,* 100 Utah 167, 111 P.2d 545, 545–46 (1941) (employees).

■ In the instant case, the trial court made the following findings. McPhersons agreed to vacate the condominium to accommodate the sale if Vaughn Belnap would let them leave their furniture until they could find a place for it. Vaughn Belnap agreed to the condition. McPhersons placed the furniture with Vaughn Belnap exclusively, who in turn, allowed his son to occupy the premises where the furniture was to be stored. McPhersons delivered the furniture to Vaughn Belnap with the express understanding that the furniture would be returned to McPhersons and, therefore, a bailment was created. Vaughn Belnap was the owner of the condominium, and McPhersons' personal property was in the care, custody and control of Vaughn Belnap. McPhersons' only access to the furniture was by permission of Vaughn Belnap, and Vaughn Belnap was the only party who could authorize the moving of the furniture from the premises. Finally, Vaughn Belnap's son, Jeffrey Belnap, had no authority to do anything with the furniture other than as a representative of his father.

Vaughn Belnap does not demonstrate, after marshaling the evidence, that the trial court's findings are clearly erroneous, and, therefore, we accept them for purposes of appeal. Based upon the above facts, a bailment was created when possession of and control over the furniture passed from McPhersons to Vaughn Belnap. Under their agreement, Vaughn Belnap could allow Jeffrey Belnap to stay in the condominium where the property was stored and to use the property. However, Vaughn Belnap had the exclusive right to control the property and remained responsible for it.

## GRATUITOUS BAILMENT

Next, Vaughn Belnap contends that if a bailment was created, it was a gratuitous bailment, and as a gratuitous bailee he is only liable for gross negligence. *See Loomis v. Imperial Motors, Inc.,* 88 Idaho 74, 396 P.2d 467, 469–70 (1964). The trial court found the bailment was not gratuitous but for the mutual benefit of the parties. The court found McPhersons accommodated Vaughn Belnap in furthering the sale of the condominium by moving out prior to the expiration of the lease and in allowing the prospective buyer, Jeffrey Belnap, who had no furniture, to use their furniture. Vaughn Belnap agrees the evidence clearly establishes the McPhersons accommodated him by vacating the condominium. However, he argues the trial court erred in finding he benefited from the furniture having been left at the condominium by using it to further the sale of the condominium. In so arguing, he focuses too narrowly on the furniture, rather than on the transaction as a whole.

Vaughn Belnap fails to demonstrate, after marshaling the supporting evidence, that the trial court's finding of mutual benefit is clearly erroneous. We agree with the trial court that the bailment was for the mutual benefit of the parties.

## PRESUMPTION OF NEGLIGENCE

Finally, Vaughn Belnap contends the trial court improperly presumed McPhersons' property was stolen because of Vaughn Belnap's negligence. He argues he did not have exclusive possession of the property and, therefore, cannot be presumed negligent. He further argues that even if the presumption applies, the presumption was rebutted.

When the bailment is for the mutual benefit of the bailor and the bailee, and the property cannot be accounted for, "a presumption of negligence is imposed on the bailee once the bailor proves the fact of bailment and damage to [or absence of] the bailed goods. The bailee must then come forward with evidence that the loss or damage was not due to the bailee's negligence." *Staheli v. Farmers' Coop.*, 655 P.2d 680, 682 (Utah 1982); *accord Romney*, 111 P.2d at 546. The reason for the presumption is the bailee, as the party in possession of the property, "is in a better position to control the conditions that may cause loss or damage and to know, or at least to be able to ascertain, the cause of any actual loss or damage." *Staheli*, 655 P.2d at 683; *accord Sumsion v. Streator-Smith, Inc.*, 103 Utah 44, 132 P.2d 680, 687 (1943). Therefore, for the presumption to apply, the bailee must be in exclusive possession of the property. *Staheli*, 655 P.2d at 683.

Vaughn Belnap argues his case is similar to *Staheli*, where the Utah Supreme Court refused to presume negligence because the bailee was not in exclusive possession of the property. *See id.* at 684. However, in *Staheli*, the plaintiffs and others, including transients, had unlimited access to the bailed property. *Id.* at 682. Therefore, the bailee did not have such control over the property so as to be in a better position than plaintiffs to determine or prevent the cause of the loss. *Id.* at 684. In the instant case, McPhersons did not have access to their property, nor were they in a position to prevent or determine the cause of the theft. We have already concluded that Vaughn Belnap had the right and the power to control McPhersons' property. He allowed Jeffrey Belnap to use the property, as permitted by the bailment agreement, but he remained responsible for its safety. A bailee cannot escape the presumption of negligence by electing to turn over the care of the property to another. Therefore, we conclude the trial court properly applied the negligence presumption to Vaughn Belnap.

To rebut a presumption of negligence, a defendant must present some evidence of due care. Once a defendant presents evidence to prove due care, the presumption of law disappears, but an inference of negligence remains for the trier of fact to weigh along with the defendant's evidence. *Wyatt v. Baughman*, 121 Utah 98, 239 P.2d 193, 195 (1951). The only evidence Vaughn Belnap presented to show due care was that there were normal locks on the doors, and Jeffrey Belnap remembered locking the doors because of an incident with his wife. The trial court characterized Jeffrey Belnap's testimony as to locking the doors as merely a self-serving statement. McPhersons showed that the investigating officer found no evidence of forcible entry, suggesting the circumstances were suspicious. After reviewing the evidence, we cannot conclude the trial court erred in finding Vaughn Belnap negligent.

### CONCLUSION

We conclude the trial court did not err in finding: (1) McPhersons and Vaughn Belnap entered a bailment agreement, (2) the bailment was for the mutual benefit of the parties, and (3) Vaughn Belnap was negligent in caring for the goods. We, therefore, affirm.

JACKSON and RUSSON, JJ., concur.